d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TRAVIS CHAUTIN,                        CIVIL ACTION NO. 1:17-CV-01367
Plaintiff                              SECTION P

VERSUS                                 JUDGE DRELL

LASALLE CORRECTION                     MAGISTRATE JUDGE PEREZ-MONTES
CENTER,
Defendant

---

## MEMORANDUM ORDER

Plaintiff Travis Chautin ("Chautin") filed a Motion to Appoint Counsel (Doc. 7).  Lewis claims that he cannot afford to retain an attorney, and that he needs the assistance of an attorney to investigate and prosecute the case.

The law in the Fifth Circuit is settled that, "[g]enerally speaking, no right to counsel exists in Section 1983 action."  See Jackson v. Cain, 864 F.3d 1235 (5th Cir. 1989).  Appointment of counsel in such actions is authorized only in "exceptional circumstances."  See Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987).  In Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985), the court stated that, although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will turn on the quality of the case and the abilities of the individual bringing it.

The test was further elaborated in Jackson v. Dallas Police Dept., 811 F.2d 160, 261-62 (5th Cir. 1986), in which the court held that the presence of exceptional circumstances involved consideration of several factors, including the type and

complexity of the case, the indigent's ability to adequately investigate and present his claims, and the degree of skill necessary to present the case at trial. See also, Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

A review of the record in this case reveals no exceptional circumstances warranting appointment of counsel at this time. The legal issues involve the application of well-established and long-standing principles and the factual issues are simple. The circumstances surrounding Chautin's claims are not particularly complex or unusual. No exceptional skill or ability will be necessary to present the case at trial. While the Court has no specific information regarding Chautin's abilities, he has demonstrated that he is capable of drafting a complaint and a motion.

Accordingly, the Motion to Appoint Counsel (Doc. 7) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, this __1st__ day of December, 2017.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE